**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MIGUEL PEREZ,

Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,

Agency.

DOCKET NUMBER
NY-0752-15-0183-X-1

DATE: November 17, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Jericho, New York, for the appellant.

Michael J. Berger, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

This case was referred to the Board after the administrative judge issued an April 4, 2017 compliance initial decision granting the appellant's petition for enforcement of an October 19, 2016 settlement agreement, which resolved the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

underlying appeal and was entered into the record for enforcement by the Board. *Perez v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-15-0183-X-1, Compliance Referral File (CRF), Tab 1; *Perez v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-15-0183-C-1, Compliance File (C-1 CF), Tab 12, Compliance Initial Decision (C-1 CID). As discussed below, while the case was pending, the appellant obtained a resolution of his claims in another proceeding, and we therefore DISMISS this petition for enforcement as superseded and constructively withdrawn.

## DISCUSSION

¶2    After the appellant filed an appeal of his removal by the agency, the parties entered into a written settlement agreement on October 19, 2016, that resolved the issues in the appeal, and the agreement was entered into the record for enforcement. C-1 CID at 2. On February 2, 2017, the appellant filed a petition for enforcement alleging that the agency failed to show that it had complied with certain terms of the agreement. C-1 CF, Tab 1. In the April 4, 2017 compliance initial decision, the administrative judge found that the agency had not taken all the actions required to be in full compliance and ordered the agency to take specific actions. C-1 CID at 4-5. The case was transferred to the Board for enforcement of the administrative judge's order. CRF, Tab 1.

¶3    Subsequently, on October 4, 2017, while the case was pending at the Board and after the agency had taken most of the actions required, the appellant filed a "renewed" petition for enforcement, by which he sought to "renew his original petition for enforcement" with the administrative judge, rather than waiting for a decision from the Board. *Perez v. Department of Veterans Affairs*, MSPB Docket No. NY-0752-15-0183-C-2, Compliance File (C-2 CF), Tab 1. While this second petition for enforcement was pending, the parties resolved all but one outstanding issue concerning the agency's compliance with the October 19, 2016 settlement agreement—namely, the appellant's salary upon restoration. C-2 CF, Tabs 9-10,

Tab 13 at 6. On March 12, 2018, the administrative judge issued a second compliance initial decision finding the agency in compliance with the settlement agreement. C-2 CF, Tab 16, Compliance Initial Decision (C-2 CID) at 3-6.[2] On April 16, 2018, the administrative judge's decision became the final decision of the Board on the appellant's second petition for enforcement. *Id.* at 6.

¶4     In view of this resolution, we find that the appellant has waived further continuance of this proceeding, and we therefore dismiss his first petition for enforcement as superseded and constructively withdrawn. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] On the single outstanding compliance issue, the administrative judge found that the agency properly paid the appellant the salary of the GS-6, Step 10 position he was placed in prospectively under the settlement agreement and that nothing in the agreement supported his entitlement going forward to saved pay at the higher salary of his former Police Officer position. C-2 CID at 5-6.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.